IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES BEAMON,  )  <br> AIS #166666,  )  <br> )  <br> Plaintiff,  )  <br> )  <br> v.  )  <br> )  <br> )  <br> STATE OF ALABAMA,  )  <br> )  <br> Defendant.  ) | CIVIL ACTION NO. 2:09-CV-79-TMH <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Beamon ["Beamon"], a state inmate presently confined at the Kilby Correctional Facility. In this complaint, Beamon challenges the validity of a 2007 indictment issued against him by a Montgomery County, Alabama grand jury for robbery in the first degree and kidnapping in the first degree. Beamon further challenges his arrest on these charges and asserts he was denied his right to a preliminary hearing prior to trial. He also appears to challenge the constitutionality of his parole revocation and his convictions for robbery and kidnapping.

Beamon identifies the State of Alabama as the sole defendant in this cause of action. Beamon seeks monetary damages for the alleged violations of his constitutional rights. *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon thorough review of the complaint, the court concludes that this case is due to

be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I. DISCUSSION

### A. The State of Alabama

The law is well-settled that the State of Alabama is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against the State of Alabama are frivolous as they are "based on an indisputably meritless legal theory[,]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989),[2] and such claims are therefore subject to dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

### B. The Challenges to Plaintiff's Convictions

Beamon presents claims which go to the fundamental legality of convictions imposed upon him in 2008 for robbery and kidnapping by the Circuit Court of Montgomery

---

[1] The court granted Beamon leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

County, Alabama. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the

judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

To the extent Beamon presents claims which challenge the constitutionality of convictions imposed him by the Circuit Court of Montomgery County, Alabama in 2008, he is entitled to no relief as a judgment in favor of Beamon on these claims would necessarily imply the invalidity of these convictions and sentences. It is clear from the complaint that the convictions and any resulting sentences have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the convictions and sentences imposed upon Beamon in 2008 for robbery and kidnapping is prohibited and subject to dismissal by this court prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

### C. The Parole Revocation Claim

Beamon attacks the revocation of his parole based on the robbery and kidnapping charges lodged against him. The principles espoused in *Heck* and *Balisok* apply to

revocations and denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir.1995) (denial of parole). Beamon has not shown that the parole revocation decision about which he complains has been invalidated in an appropriate civil action. Thus, the present challenge to any adverse action taken by the Alabama Board of Pardons and Paroles related to a parole revocation is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes Beamon presently has no cause of action under § 1983 with respect to claims challenging the validity of his parole revocation and such claims are therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the State of Alabama be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. The plaintiff's challenge to the constitutionality of the convictions and sentences imposed upon him in 2008 by the Circuit Court of Montgomery County, Alabama for robbery and kidnapping and any claims related to the revocation of his parole based on such charges be summarily dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are not properly before the court at this time.

3. This case be dismissed prior to service of process as required by the directives of

28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before February 17, 2009 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of February, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE